UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF VIRGINIA

No.

| | |
|---|---|
| TYRONE TAYLOR, JR. | ) |
| | ) |
| v. | ) |
| | ) |
| THE HONORABLE ATTORNEY GENERAL | ) |
| WILLIAM BARR | ) |
| 950 Pennsylvania Avenue, NW | ) |
| Washington, DC  20530-0001 | ) |
| | ) |
| U. S. DEPARTMENT OF JUSTICE AGENCY | ) |
| 950 Pennsylvania Avenue, NW | ) |
| Washington, DC  20530-0001 | ) |
| | ) |
| FEDERAL BUREAU OF PRISONS | ) |
| 320 First Street, NW | ) |
| Washington, D.C. 20535 | ) |

# **COMPLAINT**

  **COMES NOW** the complainant, by Counsel, Travis R. Williams, Esquire and files suit against the respondent pursuant to Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §2000E, *et seq*.,for reprisal by wrongful suspension, the creation and maintenance of a hostile work environment, and discrimination.  In support of his suit, the complainant says as follows:

  1.  That Tyrone Taylor, Jr. is an African American man.

  2.  That Tyrone Taylor, Jr. works in the Department of Corrections of the Federal Government at the FCI Petersburg.

  3.  That on March 6, 2005, Tyrone Taylor, Jr. was hired as a corrections officer.

  4.  That in 2009, Tyrone Taylor, Jr. was approached by administration and told he was being investigated for bringing in contraband, to-wit, a cell phone for an inmate's use.

       Taylor was asked to cut a plea deal to which he refused. He was sent back to his post to continue his duties. He continued to work under the specter of an investigation that was never completed.

5. That on August 10, 2015, Tyrone Taylor, Jr. was involved in an off-site traffic accident. He reported the accident to his command, Lt. Norman. Taylor was required to provide a police report, which he did. Taylor was then required to provide pictures of his damaged vehicle, which he did. He was still given a charge of AWOL and punished with one day in the street. The AWOL remained on his record for nineteen months. The AWOL was removed several days before Taylor had a mediation with the Bureau of Prisons and his lawyer.

6. That on August 10, 2016, Tyrone Taylor, Jr. was walked from his post to the phone room by Captain Hicks, a superior officer. This was embarrassing and humiliating to Mr. Taylor as other correctional officers and inmates watched this occurrence. Cpt. Hicks advised Taylor that is was none of business why he was under investigation.

7. Taylor was assigned to the phone room to supervise inmate calls. It is common institution knowledge that only persons who are injured or being investigated for criminal behavior are treated in this manner.

8. On November 17, 2016, Taylor was written up for not meeting his phone quota.

9. Mr. Taylor was never trained or provided any knowledge about working in the phone room. Because of this lack of knowledge, Mr. Taylor was harassed and verbally addressed for not completing the alleged required number of phone conversations.

10. The complainant is aware that other officers who had been convicted of a crime, and were white, were not forced to work the phone room. Tyrone Taylor, Jr. had not committed a crime. It is well known through the employees of FCI-Petersburg that white officers are treated differently. White officers who have been convicted of petit larceny and served active jail sentences in local jail facilities have not been placed in the phone room or removed from their posts. Officers who have been convicted of multiple DUIs have not been reprimanded. This disproportionate treatment of separate races created a further hostile workplace environment.

11. Mr. Taylor has been passed over for promotion and for different positions. He did not receive job positions he had bid on. As a result, he has not gained any significant increased income.

12. Mr. Taylor has lost the respect of his co-workers. The other officers all view him as someone who has committed a crime or brought in contraband. Because of the loss of respect, Mr. Taylor does not feel that he has the support or backing of his co-workers. The lack of support can put Mr. Taylor in dangerous jeopardy working in a prison setting.

13. Mr. Taylor has performed his duties and been unfairly treated. For eleven years he has received excellent and outstanding ratings during his yearly evaluations.

14. Because of the stress of being demoted to the phone room, the lingering views, and the suspicious looks and the uncertainty of why he was placed in the phone room, Mr. Taylor began to develop serious health issues, to-wit: anxiety and depression.

15. The removal from his post on August 10, 2016, coupled with a ludicrous AWOL claim and a bogus 2009 investigation, contributed to serious health issues and concerns.

16. Mr. Taylor developed work place stress that has required him to see a physician and take medication. His doctors have opined that his condition is related to the stress of the move to the phone room, the uncertainty of why he was removed, and the hostile work environment.

17. The 2016 investigation was concluded with a determination that Taylor had engaged in horseplay. He received a twenty-one day sanction which is inconsistent with a first offense. This inappropriate punishment further added to the hostile workplace environment.

18. Tyrone Taylor, Jr. filed an EEOC complaint which was concluded in July of 2018. Taylor believes that the wrongful suspension is a reprisal for his EEO complaint.

19. That without any explanation of the investigation, Mr. Taylor was asked to return to his post as a correctional officer. The refusal to explain the move to the phone room worries the complainant.

20. Mr. Taylor has not been working but is still employed by the FCI-Petersburg.

21. Mr. Taylor has asked the warden for a different assignment. The warden has refused to consider or respond to the complainant's request. The Prison has refused to make any accommodations for Taylor.

22. Taylor has agreed to return to duty without any accommodations.

23. Mr. Taylor has medical documentation that he is cleared to return to work but the administration continues to place obstacles for his return to duty. His doctors have provided documentation that he is fit and capable of returning to work. Human Resources tells Taylor that his doctor's information is not sufficient but refuses to advise him of what additional information that it needs. He was advised to have his lawyer look into this.

24. This wrongful suspension of Taylor under the ruse of incorrect paperwork has prevented Taylor from being able to provide for himself and his family.

25. That in 2019, the complainant received a yearly evaluation that was not satisfactory. The plaintiff has become accustomed to receiving a highly favorable evaluation. This low evaluation was done in retaliation to all of the complaints filed and made by the complainant.

26. That by letter dated October 9, 2019, the complainant was given a suspension for twelve days for alleged horseplay or some improper touching. None of these allegations occurred. The punishment pursuant to the Standards for Employee Conduct should have been a verbal reprimand based on the allegations and the complainant's prior discipline history. The punishment was unwarranted and done in retaliation.

27. That the complainant continues to work in a hostile environment.

28. On May 25, 2020, the complainant had a migraine and was unable to complete his shift (6 a.m. to 2:00 p.m.). The complainant was not relieved within a two-hour period and was ordered to work four hours past his shift.

29. The complainant was to have received three time-off awards – one was for working overtime past his shift. None have been awarded as yet to the complainant.

**WHEREFORE**, the complainant prays that his Honorable Court order and award him the following:

1. order the bureau to reinstate Taylor and immediately allow him to return to work
2. compensatory damages of $1,000,000.00 from lost wages, lost promotions, and lost salary increases
3. punitive damages for pain and suffering
4. reimbursement for used annual leave and sick leave
5. attorney's fees
6. and any other relief that the Court may deem meet.

Respectfully submitted, this the 10th day of December, 2020.

/s/ Travis R. Williams

TRAVIS R. WILLIAMS
Attorney for Tyrone Taylor, Jr.
Virginia Bar No. 37517
P. O. Box 3570
11901 Iron Bridge Road
Chester, Virginia  23831
Telephone: (804) 748-9803
Telefax:  (804) 796-2706
Email: twilliams@danielswilliamstuckandritter.com